UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62626-CIV-DIMITROULEAS/SNOW

MIGUEL NUNEZ,

      Plaintiff,

vs.

CITY OF POMPANO BEACH,
a municipal corporation authorized
to do business under the laws of the
State of Florida; and GREG
HARRISON, in his individual
capacity,

      Defendants.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant Gregory Harrison's Motion to Determine Entitlement to Attorneys' Fees, Pursuant to 42 U.S.C. § 2000e-5(k) (ECF No. 18), which was referred to United States Magistrate Judge, Lurana S. Snow, for Report and Recommendation. (ECF No. 20) The Motion is fully briefed and ripe for consideration.

## I. PROCEDURAL HISTORY

This action was filed in Florida state court, seeking recovery from the City of Pompano Beach (the City) and City Manager Gregory Harrison (Harrison) for violation of Fla. Stat. § 468.09, the "building code enforcement officials' bill of rights" (Count I) and Fla. Stat. § 448.102, the private sector whistle-blower's act (Count II). Harrison timely moved to dismiss the Complaint against him based in part on sovereign immunity. Prior to the scheduled hearing on Harrison's Motion to Dismiss, the Plaintiff filed an Amended Complaint adding a count against Harrison for violation of Fla. Stat. § 112.3187, Florida's public sector whistle-blower's act. Harrison

again filed a Motion to Dismiss based, inter alia, on sovereign immunity. Harrison's Motion to Dismiss was granted, and the Plaintiff filed a Second Amended Complaint against Harrison, alleging claims based on the building code official bill of rights and the public sector whistle-blower's act. Harrison moved to dismiss the Second Amended Complaint, again based in part on sovereign immunity. (ECF Nos. 1-4 and 13-2)

Before the scheduled hearing on this motion, the Plaintiff filed his Third Amended Complaint, adding two counts to the Second Amended Complaint: ADEA age discrimination (Count III) and ethnicity discrimination (Count IV). (ECF No. 1-2) Thereafter, the case was removed to this Court. Harrison moved to dismiss the Third Amended Complaint, arguing that the claim raised in Count I (public sector whistle-blower's act) does not apply to officials or officers of a public agency); the claim alleged in Count II (building code enforcement officials' bill of rights) is precluded by sovereign immunity, and claims raised in Counts III and IV (Title VII age and ethnicity discrimination) do not apply to an individual employee of the employer. (ECF No. 6) In his Response to Harrison's Motion to Dismiss the Third Amended Complaint (ECF No. 12), the Plaintiff conceded that there was no basis for asserting the claims against Harrison contained in Counts I, III and IV. The Plaintiff opposed the Motion to Dismiss Count II without discussing the issue of sovereign immunity.

On April 15, 2021, this Court granted Harrison's Motion to Dismiss the Third Amended Complaint, stating as to Counts I, III and IV:

> Plaintiff's Response to the Motion concedes that there is no basis for asserting the claims in Counts I, III and IV against City Manager Harrison. Accordingly, these Counts shall be dismissed.

(ECF No. 15 at 6). As to Count II, the Court held:

> The Motion contends that Count II . . . should be dismissed on various grounds, including that Defendant Harrison is entitled to statutory sovereign immunity pursuant to

> Florida Statutes Section 768.28(9)(a). Plaintiff's response does not address this argument, thereby conceding it. Further, the Court agrees with Defendant Harrison that the allegations against him in Count II fall within the scope of § 768.28(9), Fla. Stat. Accordingly, Count II of the Third Amended Complaint also shall be dismissed as to Defendant Harrison.

Id. (citations and footnotes omitted). Defendant Harrison now seeks a determination that he is entitled to an award of attorneys' fees as to Counts III and IV, the claims raised by the Plaintiff under Title VII.

## II. DISCUSSION

Title VII provides, in 42 U.S.C. § 2000e-5(k), that in "any action or proceeding under this subchapter, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." In Christianberg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412 (1978), the Supreme Court addressed the issue of when a fee award to a prevailing Title VII defendant is warranted. The Court pointed out that "while Congress wanted to clear the way for suit to be brought under the Act, it also wanted to protect defendants from burdensome litigation having no legal or factual basis." Id. at 420. Accordingly, the Court held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." Id. at 421. Thus, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." Id. at 422. The Court added that "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in post

hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, the action must have been unreasonable or without foundation." Id. at 421-22.

The determination of whether a claim is frivolous must be made on a case-by-case basis, considering such factors as "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985) Where not all claims raised by a plaintiff are frivolous, attorneys' fees are awarded for time spent in defending the frivolous claims. Quintana v. Jenne, 414 F.3d 1306, 1311-12 (11th Cir. 2005). However, the standard for an award of fees to a prevailing defendant in Title VII cases is a stringent one for policy reasons. Walker v. NationsBank of Florida, N.S., 53 F.3d 1548 at 1559 (11th Cir. 1995). "Assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." Christianberg, 434 U.S. at 422.

Harrison argues that an evaluation of all three Sullivan factors favor an award of fees. He points out that with respect to these counts, the Plaintiff conceded in his Response to Harrison's Motion to Dismiss the Third Amended Complaint that there was no basis to maintain these claims, but did not voluntarily dismiss them at the time the Response was filed, requiring Harrison to file his reply memorandum (ECF No. 14). Harrison emphasizes that in Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991), the Court held that individual capacity suits under Title VII are inappropriate because the "relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." For this reason, the Eleventh Circuit in Provesal v. Gaspard, 524 F. App'x. 974, 977 (11th Cir.

2013) held that individual capacity claims brought against individuals who are not employers are frivolous for purposes of the Title VII fee provision:

> Title VII does not impose liability on individuals unless they are "employers." See, e.g., Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir.1994). Gaspard was not an employer and therefore could not be sued in his individual capacity under Title VII. That fact was obvious from the outset. The court again correctly concluded that the claim was frivolous.

As to the second and third Sullivan factors, Harrison notes that he did not offer to settle, and that the case was dismissed prior to trial.

In his Response to the instant Motion, the Plaintiff incorrectly argues that Busby did not preclude individual capacity suits under Title VII. The Plaintiff also contends that there was a factual (apparently as opposed to legal) basis for his Title VII claims against Harrison. Finally, the Plaintiff notes that Harrison would not be entitled to an award of attorneys' fees relating to the dismissed claims that were not brought under Title VII.

The undersigned concludes that the Title VII claims brought against Defendant Harrison were patently frivolous and he is entitled to an award of attorneys' fees for work performed on those claims.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Defendant Gregory Harrison's Motion to Determine Entitlement to Attorneys' Fees, Pursuant to 42 U.S.C. § 2000e-5(k) (ECF No. 18) be GRANTED, and that Defendant Harrison be authorized to file a motion requesting attorneys' fees in the manner prescribed by Local Rule 7.3.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written

objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1..

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 30th day of June, 2021.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record