UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62626-CIV-DIMITROULEAS/SNOW

MIGUEL NUNEZ,

        Plaintiff,

vs.

CITY OF POMPANO BEACH, a
municipal corporation authorized to
do business under the laws of the State
of Florida; and GREGORY HARRISON,
his individual capacity,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Defendant Gregory Harrison's Motion for Award of Attorneys' Fees Pursuant to 42 U.S.C. § 2000e-5(k) (ECF No. 31), which was referred to United States Magistrate Judge, Lurana S. Snow, for Report and Recommendation. The Motion is fully briefed and a hearing was conducted by the undersigned on October 20, 2021. It is now ripe for consideration.

## I. PROCEDURAL HISTORY

This case was removed from the Circuit Court of the 17th Judicial Circuit, Broward County Florida, where it began by Complaint filed on August 1, 2019 against the City and Harrison. The Complaint for Damages and Jury Trial alleged that Defendant Harrison (Harrison), in his capacity as City Manager of Defendant City of Pompano Beach (the City), unlawfully terminated the Plaintiff in violation of the "building code enforcement officials' bill of rights," Fla. Stat. § 468.619 (Count I) and the Florida private sector Whistle-blower's Act, Fla. Stat. § 448.102 (Count II).

(ECF No. 1-4 at 3-7). Harrison filed a Motion to Dismiss the Complaint on August 30, 2019, arguing, inter alia, that there was no private cause of action under the building code enforcement officials' bill of rights; Harrison could not be sued under the Florida private sector Whistle-blower's Act because he was not the Plaintiff's employer; Harrison was entitled to sovereign immunity, and the claim against Harrison in his official capacity was redundant and should be dismissed. Id. at 35-45.

Prior to a ruling on Harrison's Motion to Dismiss was entered, on October 15, 2019, the Plaintiff filed his Amended Complaint for Damages and Jury Trial against the City and Harrison, alleging unlawful termination under Florida's public sector Whistle-blower's Act, Fla. Stat. § 112.3187 (Count I); the building code enforcement officials' bill of rights, Fla. Stat. § 468.619 (Count II), and the Florida private sector Whistle-blower's Act, Fla. Stat. 448.102 (Count III). Id. at 48-53. Harrison filed a Motion to Dismiss the Amended Complaint, arguing as to Count I that the Plaintiff had failed to exhaust his administrative remedies, and raising as to Counts II and III the same arguments as had been raised in his Motion to Dismiss the Complaint. Id. at 74-87.

Before any ruling on the Motion to Dismiss the Amended Complaint, on February 9, 2020,the Plaintiff filed a Second Amended Complaint for Damages and Jury Trial against the City and Harrison, alleging unlawful termination under Florida's public section Whistle-blower's Act, Fla. Stat. § 112.3187 (Count I) and the building code enforcement officials' bill of rights, Fla. Stat. § 468.619 (Count II). Id. at 93-99. Harrison filed a Motion to Dismiss the Second Amended Complaint, arguing that he was not subject to suit under the public sector Whistle-blower's Act; there was no private cause of action for violations of the building code enforcement officials' bill

of rights; Harrison was entitled to sovereign immunity, and the claim against him in his official capacity was redundant and should be dismissed. Id. at 114-121.

After obtaining leave of Court, the Plaintiff filed a Third Amended Complaint for Damages and Jury Trial against the City and Harrison, alleging unlawful termination under Florida's public section Whistle-blower's Act, Fla. Stat. § 112.3187 (Count I); violation of the building code enforcement officials' bill of rights, Fla. Stat. § 468.619 (Count II); age discrimination under the Employment Act of 1967 (ADEA), 29 U.S.C. § 623 (Count III), and discrimination based on ethnicity and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and the Florida Civil Rights Act, Fla. Stat. § 760.10, et seq. (Count IV). Id. at 131-139. The Defendants then removed the case to this Court, and the Third Amended Complaint is the operative pleading.

Harrison moved to dismiss the Third Amended Complaint, arguing that the claim raised in Count I does not apply to officials or officers of a public agency; the claim alleged in Count II was precluded by sovereign immunity, and the claims raised in Counts III and IV do not apply to individual employees (including Harrison) of the employer (the City). In his response, the Plaintiff conceded there was no basis for asserting against Harrison the claims raised in Counts I, III and IV. The Plaintiff opposed the claim raised in Count II without discussing Harrison's argument that he was protected from suit by sovereign immunity, which this Court interpreted as the Plaintiff's concession of the issue. Accordingly, the Court dismissed all counts of the Third Amended Complaint against Harrison without an explicit finding that the claims were frivolous. (ECF No. 15)

On June 30, 2021, the undersigned issued a Report and Recommendation recommending that Harrison's Motion to Determine Entitlement to Attorneys' Fees

3

Pursuant to 42 U.S.C. § 2000e-5(k) (ECF No. 28) be granted and that Harrison be authorized to file a motion for attorney's fees pertaining to the Title VII claims. This Court adopted the recommendation (ECF No. 29), and the instant Motion followed.

Harrison seeks an award of attorneys' fees in the total amount of $27,900.00, consisting of $19,354.50 for work by four attorneys at a "blended rate" of $165.00 per hour for 117.3 hours of work in connection with the EEOC proceedings in connection with the Plaintiff's charge of discrimination and $35,000 for 146 hours of work at the blended rate of $250.00 per hour in connection with the instant case (including proceedings in the state court), for a total of $55,979.50, divided by two because counsel represented both Harrison and the City.

The Plaintiff responds that Harrison is not entitled to fees for any work performed prior to the filing of the Third Amended Complaint on December 4, 2020 or after the issuance of the Report and Recommendation on June 30, 2021. The Plaintiff also argues that the fees are further limited to time spent defending Harrison on the Title VII claims. The Plaintiff calculates that the resulting fee award is approximately $4,700.00 if computed based on the 11 billing entries which pertain to Harrison's Motion to Dismiss the Third Amended Complaint. Alternatively, the Plaintiff identifies an additional 25 billing entries, totaling approximately $5,175.00 which may relate to work performed on the Motion to Dismiss. (ECF No. 34-3) These are the only objections to the billing statements filed by Harrison's counsel (ECF No. 31-1), and Plaintiff does not object to the hourly rates of any timekeeper.

Harrison's reply counters these arguments and further contends that the Plaintiff has waived any objections to the claimed attorneys' fees by failing to comply with Local Rule 7.3.

4

II. DISCUSSION

The Plaintiff does not dispute that he is liable for the attorneys' fees incurred by Harrison in defending against the Title VII claim raised in the Third Amended Complaint. However, he contends that he is not liable to pay for fees associated with the EEOC proceedings, in which Harrison was not named; the state court proceedings, or the defense of state law claims in the Third Amended Complaint.

A. Entitlement to Fees

1. Waiver

Harrison first asserts that the Plaintiff waived his right to object to any of the claimed fees because of the Plaintiff's failure to comply with Local Rule 7.3(b), which provides:

> Good Faith Effort to Resolve Issues by Agreement. Except as to any aspect of a fee claim upon which parties agree, a draft motion compliant with Local Rule 7.3(a)(1)–(8) must be served but not filed within thirty (30) days after entry of the final judgment or order. Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920. The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. If a federal statute provides a deadline of fewer than sixty (60) days for a motion governed by Local Rule 7.3(a), the parties need not comply with this paragraph's requirement.

Harrison has provided the email correspondence between his counsel and the Plaintiff's counsel regarding the draft fee motion which demonstrates that counsel for the Plaintiff did not comply with this provision (ECF Nos. 35-1 - 25-4), since no written objections to the draft motion were tendered by counsel for the Plaintiff. The Plaintiff does not address this issue in his Response to the instant Motion other than to allege that his attempts at conferral were rebuffed. (ECF No. 34 at 3).

Pursuant to Title VII, 42 U.S.C. § 2000e-5(k), the decision of whether to award attorneys' fees is within the discretion of this Court. The Court has ruled that Harrison is entitled to an award of attorneys' fees incurred in defending the Title VII claims in the Third Amended Complaint. Thus, while the Plaintiff's failure to comply with the Local Rules, as well as his failure to raise specific objections in his Response to the instant Motion, constitute a waiver of his right to challenge the hourly rates and time spent on the fees to which Harrison is entitled, this Court still must determine which of the billing entries of Harrison's counsel fall within that category.

2. Administrative and State Court Proceedings

Harrison seeks to recover attorneys' fees incurred in proceedings before the EEOC. In New York Gaslight v. Carey, the court found that 42 U.S.C. § 2000e-5(k) authorizes fee awards "for legal work done in 'proceedings' other than court actions," including "expenses incurred for administrative proceedings." New York Gaslight v. Carey, 447 U.S. 54, 61 (1980). Accordingly, the Court held that a prevailing party in state court proceedings to which the party was referred pursuant to the provisions of Title VII could file a federal court action to recover attorney's fees for work done in those state proceedings. Id. at 71.

At the hearing on the instant Motion, the parties apprised the Court that Harrison was not named in the EEOC grievance filed by the Plaintiff. As a result, Harrison incurred no legal fees in the administrative proceedings. Moreover, prior to the filing of the Third Amended Complaint, no violations of Title VII were alleged by the Plaintiff. Therefore, the state court case was not a proceeding to which the parties were referred pursuant to Title VII, and New York Gaslight does not apply. Under these circumstances, there is no basis to award attorneys' fees to Harrison for

any work performed prior to the filing of the Third Amended Complaint on December 4, 2020.

Harrison asserts that for purposes of the attorney fee award, the Plaintiff is bound by his allegation in the Third Amended Complaint that "[a]ll conditions precedent to this cause of action, including exhaustion of administrative remedies, have been performed, waived, excused, occurred, or are otherwise futile." (ECF No. 1-4 at 132) This Court is not bound by such an unproven allegation when exercising its discretion to award attorneys' fees to a prevailing party in a Title VII case, and the undersigned finds no statutory or other legal basis to award Harrison attorneys' fees associated with the EEOC proceedings, in which he incurred no fees, or the state court litigation of claims wholly unrelated to Title VII.

### 3. State law claims in Third Amended Complaint

The Plaintiff also contends that Harrison cannot recover attorneys' fees associated with the state claims, Counts I and II of the Third Amended Complaint. The Plaintiff relies on the Supreme Court's holding in Fox v. Vice, 563 U.S. 826 (2011). The Plaintiff also cites the Report and Recommendation, issued by the undersigned and adopted by the District Judge, which found that Harrison is entitled to fees for work performed on his Title VII claims.

In Fox, the plaintiff's complaint alleged federal civil rights claims as well as state claims, including defamation. At summary judgment, the plaintiff conceded that his federal claims were not valid. The trial judge dismissed those claims with prejudice and declined to exercise supplemental jurisdiction over the state claims. The defendant then filed a motion for attorneys' fees for all work performed on the case, despite the fact that the state claims had not been found to be frivolous. The court did not require the defendant to segregate out the work performed on the

frivolous federal claims, finding that the various claims arose out of the same transaction and were so interrelated that their prosecution or defense entailed proof or denial of essentially the same facts.

The Supreme Court began by noting that Christiansburg Garment Co. v. EEOC, authorizes a district court to award attorney's fees to a defendant [in a civil rights case] 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" Fox, 563 U.S. at 833 (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).  Thus, "§ 1988 serves to relieve a defendant of expenses attributable to frivolous charges," and this "remains true when the plaintiff's suit also includes non-frivolous claims."  Fox, 563 U.S. at 834.  However, § 1988 only "permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim."  Id. at 836.  In making this determination, "the dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous litigation."  Id. at 838.

The Supreme Court found that the trial court's decision to award full attorneys' fees "failed to take proper account of this overlap between the frivolous and non-frivolous claims," and "did not address whether the 'interrelated[ness]' of the claims meant that Vice would have incurred part or most of his fees even if Fox had asserted only the non-frivolous state law claims." Id. at 839.  Instead, the trial judge reasoned that the close relationship between the state and federal claims supported Vice's request to recover all of his attorney's fees.  The Supreme Court stated that the trial judge's reasoning "stands the appropriate analysis on its head," and "cannot be squared with the congressional policy of sparing defendants the costs of frivolous litigation." Id. at 839-40 (emphasis in the original).  The Court held that "[[i]n a case

8

of this kind, involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations, and the case was remanded for a determination by the trial court of which fees Fox would not have paid "but for" the inclusion of the frivolous claims. Id. at 840-41.

In the instant case, the Plaintiff argues that Harrison cannot recover for time spent on the state law claims because the Court did not make a finding that they were frivolous. Fox does not require such an explicit finding, and in a case such as this, where the Plaintiff conceded that there was no basis for three of the four claims asserted against Harrison and did not counter Harrison's argument that the fourth claim against him was barred by sovereign immunity, it is readily apparent that all four claims against Harrison were frivolous.

This, however, does not end the inquiry mandated by Fox. First, Harrison does not explain whether or how the state law claims against him were interrelated with the frivolous federal claims. Second, there is no suggestion that the federal claims asserted against the City are frivolous, and counsel for Harrison also represents the City. As a result, the only fees that can be attributed to the frivolous litigation are those directly attributable to the defense of Harrison.

Although it is arguable that pursuant to Fox's "but for" test, those fees should be reduced or eliminated because they include defense of the state law claims, the undersigned finds that such a reduction is not required. Fox acknowledges that frivolous civil rights claims may enable the removal of a case to federal court (as in this case), thereby driving up litigation expenses. Fox, 563 U.S. at 838. Moreover, Fox makes clear that the calculation of fee awards is not an exact undertaking:

> The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial

> courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorneys' time.

Id.  The undersigned believes that an evaluation of the instant case supports a finding that Harrison is entitled to an award of all attorneys' fees attributable to his defense against the Third Amended Complaint, including fees incurred in connection with the instant Motion.

### B. Amount of Fee Award

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, which held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  Id. at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)).  The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates.  Id.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness.  Id. at 1303.  However, the court "is itself an expert on the question and may consider its own

knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "an hour-by-hour analysis of a fee request is not required." Loranger v. Stierheim,10 F.3d 776, 783 (11th Cir. 1994). District courts may make reasonable "across-the-board percentage cuts" instead of engaging in an hour-by-hour analysis of a fee request. Id.

As discussed above, the Plaintiff has waived his right to contest the hourly rates and attorney time claimed by Harrison's counsel, and the undersigned finds that both are reasonable. Therefore, all that remains if for the Court to determine which billing entries relate to the defense of Harrison against the claims raised in the Third Amended Complaint. After a review of the billing records during the relevant time period (ECF No. 31-1 at 34-51),the undersigned finds that the following entries, totaling $7,900.00, qualify for reimbursement as work relating to Harrison's defense:

| Date | Hours | Amount |
| --- | --- | --- |
| 12/22/20 | 0.70 | $175.00 |
| 12/22/20 | 1.30 | 325.00 |
| 12/23/20 | 4.00 | 1000.00 |
| 12/28/20 | 2.80 | 700.00 |
| 1/15/21 | 0.60 | 150.00 |
| 1/15/21 | 0.60 | 150.00 |
| 1/15/21 | 0.20 | 50.00 |
| 1/19/21 | 0.20 | 50.00 |

| | | |
|---|---|---|
| 1/21/21 | 2.00 (Reduced by ½) [1] | 500.00 (Reduced by ½) |
| 1/22/21 | 1.60 | 400.00 |
| 4/15/21 | .80 | 200.00 |
| 4/15/21 | 2.80 | 700.00 |
| 4/16/21 | 1.80 | 450.00 |
| 4/20/21 | 0.60 | 150.00 |
| 4/20/21 | 0.20 | 50.00 |
| 5/4/21 | 2.00 | 500.00 |
| 5/5/21 | 2.00 | 500.00 |
| 5/6/21 | 0.40 | 100.00 |
| 5/19/21 | 2.50 | 625.00 |
| 5/24/21 | 4.50 | 1125.00 |

## III. CONCLUSION

This Court having considered carefully the papers, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Defendant Gregory Harrison's Motion for Award of Attorneys' Fees Pursuant to 42 U.S.C. § 2000e-5(k) (ECF No. 31) be GRANTED, and that he be awarded attorneys' fees in the amount of $7,900.00.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from

---

[1] This entry involved the review and analysis of Plaintiff's responses to the motions to dismiss filed by the City and Harrison, so the hours have been reduced by one-half.

attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 25th day of October, 2021.

*/s/ Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable William P. Dimitrouleas

All counsel of record