UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-62626-CIV

MIGUEL NUNEZ,

  Plaintiff,

v.

CITY OF POMPANO BEACH,
a municipal corporation authorized to do
business under the laws of the State of Florida,

  Defendant.

_____/

## DEFENDANT'S MOTION IN LIMINE

Defendant, City of Pompano Beach (the "City"), by and through its undersigned counsel,

hereby files this its Motion *in limine*, and states:

### Overview

This is an employment discrimination case in which Plaintiff, a former employee of the

City, has abjectly refused to abide by multiple discovery obligations to explain and support his

claim for damages.  As a result, he should be precluded from offering damages evidence at trial.

### Relevant Factual Background

A. Procedural Background

Plaintiff filed this action in Florida state court against the City on August 1, 2019 alleging

four counts. (DE 1-4 at p. 3). Upon the filing of the Third Amended Complaint ("Complaint," or

the "Compl."), on December 21, 2020, the City removed this action to the Southern District of

Florida. (DE 1).  On April 20, 2021 this Court granted Defendant's Motion to Dismiss the

Complaint except for Count I, Violation of the Florida's Whistle-Blower's Act, ("FWA") Florida

Statute § 112.3187, and Count IV, Discrimination on the basis of race in Violation of Title VII of

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

CASE NO. 20-62626-CIV
Defendant's Motion in Limine

the Civil Rights as of 1964, as amended ("Title VII") and the Florida Civil Rights Act, Florida

Statute §760.10 *et seq* ("FCRA"). The City answered the Complaint, denying any wrongdoing or

liability.

B. Plaintiff's Repeated Failures to Identify and Support His Damages Claim as Required by the Rules

Despite repeated requests and despite other legal obligations, Plaintiff has continuously

and obstinately refused to abide by his obligations to identify and support any claim for damages

he may have herein.

1. **Plaintiff Breaches His Initial Disclosure Obligations.**

In his Initial Disclosures, Plaintiff was required to provide the City, *inter alai,*

> a computation of each category of damages [he] claimed [and] also make available for inspection and copying .., the documents or other evidentiary material … on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed.R.Civ.P. 26(a)(1)(A)(iii).

In clear breach of that obligation, the full extent of Plaintiff's disclosure was that "Plaintiffs

[sic] have not yet fully calculated damages and will be retaining an expert to do so." A copy of

Plaintiff's Initial Disclosures is appended hereto as Exhibit "A." The disclosure was improper

when made.  "A party is not excused from making its disclosures because it has not fully

investigated the case". Fed.R.Civ.P. 26.1(a)(1)(E).

2. **Plaintiff Breaches His Obligation to Supplement His Disclosures.**

Even if it were permissible to refuse to make the initial disclosure on the grounds that

Plaintiff had "not fully calculated his damages," Plaintiff was obligated to supplement his

disclosure in a timely manner to provide the damages theor[ies] that had not otherwise become

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

CASE NO. 20-62626-CIV
Defendant's Motion in Limine

known to the City.  Fed.R.Civ.P. 26(e).  In fact, however, Plaintiff never disclosed the "expert"

who he indicated would provide the initial disclosures, and no "calculation" was ever provided to

the City. Indeed, not a no disclosures at all have been made.

### 3.   Plaintiff Breaches His Obligation to Answer Relevant Interrogatories.

Having not received the required damages theories and support from Plaintiff's Initial

Disclosures (or any supplement thereto), the City requested the information in interrogatories.  A

copy of Plaintiff's responses to the interrogatories is appended hereto as Exhibit "B." Plaintiff

again abjectly failed to cooperate.  For instance, Interrogatory number 3 asked for Plaintiff to

> 3.  Please identify and describe each item of damages you are claiming in
> the Complaint and, as to each item of damages, state the category into which
> each item of damages falls (i.e., general damages, special or consequential
> damages, interest and any other relevant categories), the amount claimed
> for each and an explanation of how each amount was calculated (including
> any mathematical calculations), identify all documents you believe support
> your calculations or your response.

And, again, Plaintiff provided absolutely no information: "Plaintiffs [sic] have not fully

calculated damages and will be retaining an expert to do so.  Damages will include back pay, front

pay, lost income, attorneys [sic] fees and costs and compensatory and emotional damages."

To compound the evasiveness, Interrogatory 16 asked:

16.  Identify each employer and potential employer (including independent contracting and
consulting) that Plaintiff contacted or that has contacted Plaintiff with respect to possible
employment (including independent contracting and consulting) since March 28, 2019 by
completing the below chart (please use extra rows as necessary such that your answer covers
the requested time period and is completely responsive to this Interrogatory):

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

| Name of Employer | Address of Employer | Person(s) Contacted at Employer | Date(s) of Contact | Position Sought | Employer Response | How Plaintiff Learned of the Position | Rate of Pay for the Position |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

Rather than answering, Plaintiff responded "I will be providing documents to respond to this question." No such documents have ever been provided. Moreover, the responses interrogatories were not verified by Plaintiff, as required by Fed.R.Civ.P. 33.

### 4.   Plaintiff Breaches His Obligations to Respond to Requests For Production.

Having not received any information in response to the Initial Disclosures or the Interrogatories, the City propounded its request for production.  A copy of Plaintiff's responses to the request for production are attached hereto as Exhibit "C."  The requests sought documents relevant to Plaintiff's (potential) damages claims, such as documents describing the damages claimed (request 12), his relevant tax returns (request 13), his payroll records from other employers (request 15) and documents pertaining to subsequent employments (request 19).

Rather than provide (any) documents, Plaintiff's response to each request was that "Responsive documents can be obtained by contacting the Law Offices of Miami [sic] Pizzi."

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

**5. Plaintiff Ignores the City's Repeated Requests to Produce the Documents and to verify the Interrogatories.**

Counsel for the City repeatedly asked counsel for the Plaintiff to (a) produce the documents responsive to the request for production, and (b) have Plaintiff verify the Interrogatory answers. *See, e.g.,* Exhibit D, appended hereto.  Despite these repeated requests, Plaintiff has not provided (any) documents responsive to the Request for Production (or documents in response to *anything)*, and has still not verified the interrogatories, which interrogatory answers, in any event, provide no substantive damages information.

**6. Plaintiff acknowledges His Failures to Properly Respond to Discovery, but Continues to Refuse to Provide Any Damages Information.**

When the City moved for summary judgment, it noted Plaintiff's failure to comply with his discovery obligations.  *See* ECF 45 at p. 11, n. 7 and exhibits 3 and 4 thereto.  In his response to the summary judgment motion, Plaintiff acknowledged his failure, as alleged in the motion (*see* ECF 50 at p. 5, f.n. 1 ("To the extent they otherwise were not verified, these answers to interrogatories are hereby verified")).  However, even recognizing that he did not respond to the discovery, Plaintiff has **still** n ever provided an iota of disclosure of damages theory or support.

## Memorandum of Law

Plaintiff's repeated abject refusal to provide any damages information to the City precludes his ability to offer damages evidence at trial.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information … at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1)).  Here, the failure cannot be substantially justified, given Plaintiff's continued refusal to provide the required disclosures in response to multiple

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

discovery vehicles, and direct requests from counsel for the City.  And the failure is certainly not harmless.  With trial now imminent and discovery closed, the City has no information whatsoever regarding Plaintiff's claimed economic damages (how long he was out of work; what salaries he has earned at subsequent employments, etc.) or his non-economic damages (any medical expenses, and any support for a claim that Plaintiff is mentally distressed or has otherwise incurred intangible damages).

The proper remedy is exactly what Rule 37 provides: Plaintiff should not be able to introduce any damages evidence at trial.  In *City of Rome v. Hotels.com, L.P.*, 549 Fed.Appx. 896 (11th Cir. 2013), the Eleventh Circuit affirmed the trial court's exclusion of damages evidence from plaintiffs who did not provide sufficiently detailed damages initial disclosures, and rejected the plaintiffs' efforts to "shirk their responsibility under Rule 26(a)" by urging a lesser remedy for their violation. *Id.* at 905. A motion *in limine* is the correct vehicle to challenge insufficient disclosures, and exclusion of damages evidence at trial is the correct remedy.  *See, e.g., Dorvil v. Nationstar Mortgage, LLC*, 852 Fed. Appx. 468, 474-75 (11th Cir. 2021) (affirming trial court's grant of motion *in limine* precluding damages testimony from plaintiff who made insufficient Rule 26 damage disclosure, ) *Mora v. Burlington Stores, Inc.*, 2022 WL 597463, *8 (S.D. Fla. 2022) (granting motion *in limine* and precluding plaintiff from introducing "evidence or argument for past lost wages and compensation and future loss of earning capacity" as a result of plaintiff's deficient Rule 26 disclosures); *Reed v. Royal Caribbean Cruises, LTD*, 2021 WL 4990902, *8 (S.D. Fla. 2021) (granting motion *in limine* prohibiting use of documents at trial that were not produced in Rule 26 disclosures); *Dick v. Pilot Travel Centers, LLc.*, 2018 WL 3416739, *1 (N.D. Fla. 2018) (granting motion to strike plaintiff's claims for lost wages and lost future earnings  for failure to comply with Rule 26 disclosure requirements); *Fisher v. Bumbo International Trust*,

6

2014 WL 12042519, *10 (S.D. Fla. 2014) (granting motion *in limine* precluding party from calling

witnesses not disclosed in Rule 26 disclosure).

## Conclusion

Plaintiff has ignored his responsibility to provide the City with damages information

throughout this litigation.  He should not be able to introduce evidence of damages at trial.

Dated this 12 day of April, 2022.

By: */s/ DanielL. Abbott*
Daniel L. Abbott

Respectfully submitted,

WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
*Counsel for Defendant, City of Pompano Beach*
200 East Broward Blvd., Suite 1900
Fort Lauderdale, FL 33301
Telephone:  (954) 763-4242
Facsimile:   (954) 764-7770

By*:    /s/  Daniel L. Abbott*
**DANIEL L. ABBOTT**
Florida Bar No. 767115
Email: dabbott@wsh-law.com

Local Rule 7.1 Certification

Undersigned counsel certifies that, pursuant to Local Rule 7.1(a)(3), he has conferred with

counsel for the Plaintiff, and that Plaintiff opposes the relief sought herein.

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

CASE NO. 20-62626-CIV
Defendant's Motion in Limine

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

via electronic service to: Michael A. Pizzi, P.A., mpizzi@pizzilaw.com and David P. Reiner, II,

Esq. (dpr@reinerslaw.com, eservice@reinerslaw.com) on April 12, 2022.

## SERVICE LIST

**MIGUEL NUNEZ v. CITY OF POMPANO BEACH**
**CASE NO. 20-cv-62626-WPD**

**David P. Reiner, II, Esq.**
Florida Bar No. 416400
Email: dpr@reinerslaw.com
eservice@reinerslaw.com
REINER & REINER, P.A.
9100 So. Dadeland Blvd., Ste. 901
Miami, FL 33156
Telephone: (305) 670-8282
*Counsel for Plaintiff*

**Michael A. Pizzi, Esq.**
Florida Bar No. 079545
Email: mpizzi@pizzilaw.com
MICHAEL A. PIZZI, P.A.
6625 Miami Lakes Dr. E., Ste. 316
Miami Lakes, FL 33014
Telephone: (305) 777-3800
*Counsel for Plaintiff*

**Daniel L. Abbott, Esq.**
Florida Bar No. 767115
Email: dabbott@wsh-law.com
WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
200 East Broward Boulevard, Suite 1900
Fort Lauderdale, FL 33301
Telephone: (954) 763-4242
*Counsel for Defendant*

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.