UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62626-CIV-DIMITROULEAS (COHN)

MIGUEL NUNEZ,

    Plaintiff,

v.

CITY OF POMPANO BEACH,
a municipal corporation authorized to do
business under the laws of the State of Florida,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant, City of Pompano Beach (the "City"), by and through its undersigned counsel, and pursuant to Rule 50, Fed.R.Civ.P., hereby files this its Motion for Judgment as a Matter of Law, and states:

### Relevant Factual Background

A. Procedural Background

Plaintiff filed this action in Florida state court against the City on August 1, 2019 alleging four counts. (DE 1-4 at p. 3). Upon the filing of the Third Amended Complaint ("Complaint," or the "Compl."), on December 21, 2020, the City removed this action to the Southern District of Florida. (DE 1). On April 20, 2021 this Court granted Defendant's Motion to Dismiss the Complaint except for Count I, Violation of the Florida's Whistle-Blower's Act, ("FWA") Florida Statute § 112.3187, and Count IV, Discrimination on the basis of race in Violation of Title VII of the Civil Rights as of 1964, as amended ("Title VII") and the Florida Civil Rights Act, Florida Statute §760.10 *et seq* ("FCRA"). The City answered the Complaint, denying any wrongdoing or liability.

CASE NO. 20-62626-CIV
Defendant's Motion for Judgment as a Matter of Law

## Judgment as a Matter of Law Standard

Judgment as a matter of law under Rule 50 should be granted where "the evidence is so weighted in favor of one side that one party must prevail as a matter of law." *Thosteson v. U.S.,* 331 F.3d 1294, 1298 (internal citation omitted). *See also Bishop v. City of Birmingham Police Department,* 361 F.3d 607, 609 (11th Cir.2004). In deciding a motion for judgment as a matter of law, "the court should review all of the evidence in the record .... [and] should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000). The court may not, however, make credibility determinations or weigh the evidence. *See id.* All evidence is considered in the light most favorable to the non-moving party, but the non-movant "must put forth more than a mere scintilla of evidence that 'reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." *Thosteson,* 331 F.3d at 1298. "If the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the motion [is] properly granted." *See Bishop,* 361 F.3d at 609. *See also Abel v. Dubberly,* 210 F.3d 1334, 1337 (11th Cir.2000) ("A substantial conflict in the evidence is required before a matter will be sent to the jury.").

The Title VII and FCRA disparate treatment employment discrimination claims[1] are evaluated pursuant to the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S.

---

[1] Because the FCRA is patterned after Title VII, Florida courts look to federal case law as well as Florida decisions to interpret the FCRA. *Johnson v. Great Expressions Dental Centers of Florida, P.A.*, 132 So. 3rd 1174, 1176 (Fla. 3rd DCA 2014), review dismissed, 139 So. 3d 886 (Fla. 2014); *Valenzuela v. GlobeGround N. Am., LLC*, 18 So. 3d 17, 21 (Fla. 3rd DCA 2009). *See also Jiles v. United Parcel Serv., Inc.*, 360 Fed. Appx. 61, 63 (11th Cir. 2010) (noting that federal

792 (1973) on a Rule 50 motion.[2]  *Martin v. City of Atlanta*, 579 Fed. App'x 819 (11th Cir. 2014). One way[3] of establishing a prima facie case of employment discrimination based on a termination following an employee's misconduct requires the plaintiff to show that "(1) he belongs to a protected class; (2) he was qualified for the job; and (3) the misconduct for which the employer [discharged] him was the same or similar misconduct to that which a similarly situated employee engaged in, but was not similarly disciplined for." *Moore v. Alabama Dep't of Corr.*, 137 Fed.Appx. 235, 238 (11th Cir.2005); *accord Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999).

If the employee establishes a prima facie case of discrimination, the burden shifts to the employer to proffer a legitimate, nondiscriminatory reason for the decision. *Alvarez v. Royal Atl. Devs, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). "If such reasons are identified, [the employee]

---

district courts "analyze cases under the FCRA in the same manner as those brought under Title VII.").

[2] A plaintiff may also proceed with "direct evidence" of discriminatory intent. *McDonnell-Douglas*, 411 U.S. at 802. Here, however, there is no direct evidence that the termination of Plaintiff's employment was based upon His national origin. Direct evidence of discrimination is evidence that reflects a discriminatory attitude correlating to the discrimination complained of by the employee without any inference or presumption. *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1156 (11th Cir. 2020). "We have explained that under this standard, only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor are direct evidence of discrimination." *Lewis v. School Board of Palm Beach County*, 850 Fed. App'x 674, 678 (11th Cir, 2021) (quotation marks omitted). If a statement suggests, but does not prove, a discriminatory motive, then it is circumstantial evidence. *Id.* To be direct evidence of discrimination, a statement showing discriminatory intent must have been made by a person involved in the challenged decision. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Further, as our Court has construed the term "direct evidence," "remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Id.*

[3]     There are other recognized ways to state such a prima facie case. *Rioux v. City of Atlanta*, 520 F.3d 1269, 1276 (11th Cir. 2008).

then bears the ultimate burden of proving them to be a pretext for" discrimination. *Damon v. Fleming*, *Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999).

An employment retaliation case under the FWA[4] is also evaluated pursuant to the *McDonnell-Douglas* burden-shifting paradigm. To establish a *prima facie* case of retaliation, a plaintiff must show (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the two events. *McCann v. Tillman*, 526 F.3d 1370, 1375 (11th Cir. 2008). If a plaintiff establishes such a case, the shifting burdens of the employer articulating a legitimate, nondiscriminatory reason for the adverse action, and then the plaintiff's burden of showing pretext, follow as with the disparate treatment analysis discussed *supra*.

## Argument and Memorandum of Law

**I.    Judgment as a Matter of Law in Favor of the City on Both Counts is Appropriate Because Plaintiff Was Terminated for Legitimate, Non-Discriminatory, Non-Retaliatory Reasons.**

Assuming, *arguendo*, that Nunez has made out a *prima facie* case for either of his remaining causes of action, judgment as a matter of law in favor of the City is appropriate if it has articulated a legitimate, non-discriminatory basis for terminating Plaintiff's employment (and if Nunez is unable to demonstrate that that proffered reason is pretextual). *See, e.g. Holifield v. Reno*, 115 So.3d 1555, 1564 (11th Cir. 1997) (Title VII); *Rice-Lamar v. City of Fort Lauderdale*, 853 So.2d 1125, 1133 (Fla. 4th DCA 2003) (FWA).

   A.    *Plaintiff's Behavior Constituted a Legitimate, Nondiscriminatory Basis for His Termination.*

---

[4] The FWA claim is evaluated pursuant to the Title VII "retaliation" framework. *Rice-Lamar v. City of Fort Lauderdale*, 853 So.2d 1125, 1133 (Fla. 4th DCA 2003).

CASE NO. 20-62626-CIV
Defendant's Motion for Judgment as a Matter of Law

Terminating Nunez' employment for his unprofessional workplace conduct was certainly legitimate and non-discriminatory. A legitimate, non-discriminatory reason is merely "one that might motivate a reasonable employer." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000). Nunez' conduct certainly qualifies. *See, e.g., Batz v. City of Sebring*, 794 Fed. Appx. 889, 903 (11th Cir. 2019) (employee's unacceptable "demeanor, attitude, treatment of others" are legitimate bases for termination); *Elver v. Hendry County Sheriff's Office*, 791 Fed. Appx. 56, 59 (11th Cir. 2019) (employee's "insubordination [and] disparagement of superiors" are legitimate bases for termination); *Gibson v. Valley Avenue Drive-In Restaurants, LLC*, 597 Fed. Appx. 568, 569 (11th Cir. 2014) (cussing at supervisor is a legitimate basis for discharging an employee); *Jiann Min Chang v. Alabama Agricultural and Mechanical University*, 355 Fed. Appx. 250, 252-53 (11th Cir. 2009) (employee who "became upset" and "raised" his voice to a supervisor was terminated for the legitimate, nondiscriminatory bases of "disrespect" and "insubordination"); *Weiher v. Lincare Procurement, Inc.*, 2021 WL 4991528, *8 (M.D. Fla. 2021) (Defendant employer "easily" demonstrated a legitimate, nondiscriminatory basis for the discharge of an employee who was "insubordinate or aggressive to colleagues"). *Bury v. Sky Chefs*, 2011 WL 197383, *5 (S.D. Fla. 2011) (Granting summary judgment where "Defendant has stated that Plaintiff was fired after she yelled obscenities at her supervisor").

  B. *An employee may be terminated for saying something inappropriate to a supervisor, even if the conduct is "elicited" by the supervisor.*

Nunez has contended that his outburst was "elicited" by the City Manager. The plaintiff in *Jiann Min Chang, supra,* offered a similar justification, contending that the fact that he "raised his voice" to a supervisor was justified after he "became upset because [the supervisor] was instructing him on how to respond to one of his own students." *Jiann Min Chang*, 355 Fed. Appx.

5

at 252. The Eleventh Circuit roundly rejected the purported justification for the inappropriate workplace behavior, and affirmed summary judgment in favor of the employer:

> [T]he circumstances that led to the interaction between [the plaintiff and his supervisor] are irrelevant to the issue of pretext because they have no bearing on whether [the plaintiff] behaved unprofessionally and disrespectfully during the conversation with [the supervisor], which was the proffered reason for the termination…. Although [the plaintiff] testified that [the supervisor's] decision was pretextual because it was unreasonable, this testimony merely attacks the wisdom of the decision, and does not provide evidence that discriminatory animus motivated the employment decision.

*Jiann Min Chang*, 355 Fed.Appx. at 3. *See also Ward v. Troup County School Dist.*, 856 Fed. Appx. 225, 229 (11th Cir. 2021) (Affirming summary judgment in favor of an employer who terminated an employee for sending an "unprofessional" email, even though the employee claimed he sent the email because he was "frustrated" by the improper actions of his employer).

    C.    *The "speed which Mr. Nunez was terminated" does not suggest that the termination was discriminatory.*

Nunez has contended that the "speed at which [he] was terminated" suggests that the workplace misconduct was not the actual cause of his termination. Nunez is mistaken. In fact, it shows just the opposite: that the decision was directly based upon Nunez' outrageous workplace explosion, rather than being an act of discrimination that sprung out of nowhere, in a remarkable coincidence of timing, immediately after Nunez' explosion. *See, e.g., Guin v. Wal-Mart Stores, Inc.*, 1997 WL 391599, *3 (N.D. Fla. 1997) (Employer's contention that employee was discharged for "cussing" and "arguing" not pretextual, and employer accordingly entitled to summary judgment because, *inter alia,* the employer "reacted immediately to the misconduct by telling [the plaintiff/employee] to leave the store's premises").

**II.** **The Articulated Bases for Nunez' Termination are Not Pretextual.**

"To show pretext, a plaintiff must show that an employer's reasons are false *and* that discrimination was the real reason." *Lewis v. Blue Bird Corporation*, 835 Fed. Appx. 526, 530 (11th Cir. 2020) (internal quotation marks omitted) (emphasis in original).

In evaluating pretext, "[t]he court must, considering all the evidence, ascertain whether the plaintiff has cast doubt on the defendant's proffered nondiscriminatory reasons sufficient to allow a reasonable factfinder to determine that the defendant's proffered legitimate reasons were not what actually motivated its conduct." *Silvera v. Orangs Cty. Sch. Bd.*, 244 F.3d 1253, 1258 (11th Cir. 2001) (quotation marks omitted). No pretext has been shown.

> 1. *Because the Termination of Plaintiff's Employment was Based Upon Misconduct, Nunez was Required to Either Show that He Did Not Engage in the Misconduct, or Must have Identified a Suitable Comparator.*

Nunez has fired not for inadequate performance, but because he violated workplace rules regarding employee conduct. When employees are terminated for misconduct, showings of pretext are sharply circumscribed. "If the employer's asserted justification is that the employee violated a work rule, the employee must prove pretext by showing either that he did not violate the work rule or that, if he did, other employees not within the protected class who engaged in similar acts were not similarly treated." *Shi v. Montgomery*, 679 Fed.Appx. 828, 833 (11th Cir 2017) (citation omitted). *See also Feiss v. North Broward Hospital District*; 683 Fed.Appx. 746, 753 (11th Cir. 2017); *Anderson v. JPMorgan Chase & Co.*, 418 Fed.Appx. 881, 884-85 (11th Cir. 2011) (same) (citation omitted). Nunez has not satisfied either option.

   a.   *Nunez Engaged in Workplace Misconduct.*

Nunez's confrontation with City Manager Harrison was certainly an act of employee misconduct. Moreover, even if it could reasonably be argued that the City was "mistaken" in its conclusion that Nunez violated the work rules, judgment as a matter of law would still be in order

because "[a]n employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct." *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1363 n. 3 (11th Cir. 1999).

### b. Nunez Did Not Identify a Suitable Comparator.

Nunez has not introduced evidence regarding a suitable comparator. Simply put, no similarly situated City employee has ever cussed out the City Manager and not been terminated.

In determining whether other employees are appropriate comparators in a disparate treatment case, courts look at whether the comparator employees are "similarly situated in all material respects." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1224 (11th Cir. 2019). Relevant factors include, but are not limited to, whether the individual (1) engaged in the same basic conduct as the plaintiff; (2) was subject to the same policy, guideline, or rule as the plaintiff; (3) was under the jurisdiction of the same supervisor as the plaintiff; and (4) shared the plaintiff's employment or disciplinary history. *Id.* at 1227-28.

"To be an adequate comparator, the preferentially treated individual from outside plaintiff's protected class must be similarly situated to the plaintiff in all relevant respects. If this is not the case, the different application of workplace rules does not constitute illegal discrimination." *Brown v. Sch. Bd. Of Orange Cnty., Florida*, 459 F. App'x 817, 819 (11th Cir. 2012).

### 2. The Wisdom, Fairness or Accuracy of the Employment Decision are Not at Issue.

"[W]e do not judge whether an employer's decisions are 'prudent or fair,' and the sole question is whether unlawful discriminatory animus motivated an employment decision." *Trigo v. City of Doral*, 663 Fed. Appx. 871, 873 (11th Cir. 2016) (citation omitted). "The inquiry into pretext centers on the employer's beliefs, not the employee's beliefs and, to be blunt about it, not

on reality as it exists outside the decisionmaker's head." *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010). "[T]he role of this Court is to prevent unlawful [employment] practices, not to act as a super personnel department that second-guesses employers' business judgments. Our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." *Wilson*, 376 F.3d at 1092.

    3.    *There is No Evidence that the City Did Not Honestly Believe Its Articulated Bases for the Termination.*

"When an employer asserts misconduct by an employee as the legitimate reason for its action, the pretext inquiry focuses on the employer's beliefs and whether the employer was dissatisfied with the employee for nondiscriminatory reasons, even if mistakenly or unfairly so." *Siddiqui v. NetJets Aviation, Inc.*, 773 Fed. Appx. 562, 564 (11th Cir. 2019) (internal quotations omitted). *See also Lewis*, 835 Fed. Appx. at 530 ("When an employer asserts that it has fired an employee based on purported workplace incidents, the employee must not only dispute that those incidents occurred, but also call into question the employer's sincere belief that they occurred"); *Shultz,* 522 Fed. Appx. at 505 (affirming summary judgment for employer because employee "was required to rebut *each* of the [employer's] proffered reasons for her termination. This required more than just pointing out factual inaccuracies in the explanations; [plaintiff] also needed to show that the [employer] did not honestly believe these explanations").

Since the motivation behind an employment termination exists "in the head" of the employer, rather than the employee, self-serving statements by an employee/plaintiff that he believes his discharge was discriminatory (which is all Nunez has offered here) are irrelevant, and do not prevent entry of judgment as a matter of law. *See, e.g., Russell v. City of Tampa*, 737 Fed. Appx. 922, 924 (11th Cir. 2018) ("Conclusory allegations, without more, are not sufficient to raise

an inference of pretext") (internal quotations omitted); *Gibson v. Valley Avenue Drive-In Restaurants, LLC*, 597 Fed. Appx. 568, 570 (11th Cir. 2014) ("[C]onclusory allegations that her gender, as opposed to her misconduct, was the true reason for her termination … are insufficient to raise an inference of pretext or intentional discrimination") (internal quotations omitted); *Bury v. Sky Chefs*, 2011 WL 197383, *5 (S.D. Fla. 2011) ("While [plaintiff] recalls no such occurrence and claims it never happened, such is insufficient to constitute a genuine issue of material fact").

  4.  *There Is No Evidence to Show that Discrimination was the Actual Basis for the Employment Decision.*

Even if Nunez had introduced evidence of pretext (and he did not), judgment as a matter of law would still be in order unless Nunez has introduced evidence that discrimination was "the real reason" he was terminated. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515 (1993). *See also Alvarez*, 610 F.3d at 1267 (Plaintiff's "burden is to show not just that [the City's] proffered reasons for firing [him] were ill-founded but that unlawful discrimination was the true reason"); *Gibson v. JetBlue Airways Corp.*, 2021 WL 5368056, * 7 (11th Cir. 2021) (Affirming summary judgment in favor of employer because, *inter alia*, plaintiff did not show that employer's "real reason for terminating her employment was discrimination. The record is simply devoid of other circumstantial evidence sufficient to raise a reasonable inference of discrimination"). He has not done so.  While Nunez attempts to minimize the severity of his misconduct, there is simply no evidence that the City chose such a coincidental point in time to (for instance) begin randomly firing "Hispanics." This lack of evidence independently justifies judgment as a matter of law. *See, e.g., Siddiqui*, 773 Fed. Appx. At 565 (Even if employer's investigation into employee's purported misconduct was "ham-handed" and was accordingly "pretext for *something*," summary judgment entered in favor the defendant employer affirmed because plaintiff "does not point to any evidence in the record, apart from his proffered comparators, that would support an inference that the real

reason … was discrimination on the basis of his race, religion, or national origin"); *Russell,* 737 Fed. Appx. at 924 (Summary judgment in favor of employer affirmed because, "even assuming [plaintiff] sufficiently disputed falsity, he failed to establish that the real reason for his termination was retaliation for deposing the Director. [Plaintiff] presented only conclusory allegations that being deposed upset the Director based on his poor body language and facial expressions while being deposed. [Plaintiff] did not contradict or show sufficient implausibilities in the City's proffered explanation for terminating his employment to show that he was actually terminated because of retaliation").

Here, Nunez did not offer *any* evidence that his termination was actually because of discrimination or retaliation; not even a reference to "comparators" or to "body language and facial expressions," neither of which would have been sufficient to indicate that his termination was motivated by discrimination.

    5.    *Nunez's Past Performance Is Irrelevant.*

Nunez was terminated for violating City rules, rather than for performance deficiencies. Accordingly, past positive performance "reviews are not evidence of pretext." *Tulloch v. Regions Bank*, 2018 WL 4003288, *4 (S.D. Fla. 2018).

**III.    Judgment as a Matter of Law on Count I is Additionally Appropriate Because Nunez Did Not State a Prima Facie Case of Violation of the Whistle-blower's Act.**

    a.  *The Grievance Complaint Does Not Constitute a Protected Disclosure.*

Because there was so clearly a legitimate, non-discriminatory reason for the discharge of Nunez' employment, it is respectfully submitted that this Court need not consider whether Plaintiff can establish a *prima facie* case under the FWA. However, if the issue is considered, Nunez did not, in fact, establish such a case.

Count I of the Complaint alleges a violation of the FWA. To state a prima facie case of retaliation under the FWA, Nunez must show that: (1) he engaged in statutorily protected expression; (2) suffered an adverse employment action; and (3) there is some causal relation between the two events. *Rice-Lamar* 853 So.2d at 1132.

Here, the "Grievance Complaint" on which Nunez relies cannot be causally related to his termination because the letter was first texted to a city official the day *after* Nunez was terminated. Axiomatically, "[t]o establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (emphasis supplied).

Where a Plaintiff engages in statutory protected expression after the employer makes an adverse employment decision, the causation element fails. *Bott v. Bradshaw*, No. 18-CV-80672, 2019 WL 10733141, at *5 (S.D. Fla. Jan. 24, 2019), *aff'd,* 791 F. App'x 41 (11th Cir. 2019). In *Bott*, after a plaintiff's 40-hour suspension was finalized, his attorney sent a letter to the employer and alleged the letter to constitute a protected expression. The Court concluded that "without addressing the question of whether a letter from an attorney is protected under the FWA, I find no dispute that the letter, which was sent well after the [employer] approved [p]laintiff's 40-hour suspension, fails on the causation prong of the *prima facie* case." *Id*. See also *Ray v. City of Tallahassee*, 664 Fed. Appx. 816, 820 (11th Cir. 2016) (Affirming summary judgment where neither the "ultimate decision maker nor ... her immediate supervisor who recommended her termination knew anything at all about" the action alleged to have motivated the retaliation); *Manigault v. Comm'r, Soc. Sec. Admin.*, 609 Fed. App'x 982, 985 (11th Cir. 2015) (noting that the *McDonnell Douglas* framework requires, "at a minimum," that "the adverse act must have

followed the protected conduct."); *Castro v. School Board of Manatee County, Florida*, 903 F.Supp.2d 1290, 1304 (M.D. Fla. 2012) ("One of the requirements for a whistle-blower complaint is that the complaint was not made after an agency's personnel action against the employee") (internal quotations omitted); *Allocco v. City of Coral Gables*, 221 F.Supp.2d 1317, 1368 (S.D. Fla. 2002) ("[I]n order to show a causal connection between the protected activity and the adverse action, [a plaintiff] must show that the defendants were aware of the protected conduct *before* the adverse action was taken") (emphasis in original).

The "grievance complaint" was the only arguable protected disclosure. The FWA only protects employees who "disclose information" in certain specified ways or under certain specified circumstances. Fla. Stat. § 112.3187(7). As relevant here, the FWA protects employees who (1) "disclose information on their own initiative in a **written and signed complaint**"; or (2) "refuse to participate in any adverse action prohibited by this section."[5] *Id.* Thus, no other "disclosures" purportedly made by Nunez vested him with FWA protections. *See Henley v. City of North Miami*, 329 So.3d 791, 795 (Fla. 3rd DCA 2021) ("[N]on-written disclosures cannot be considered when determining whether [plaintiff] engaged in protected activity"); *Crouch v. Public Service Com'n*, 913 So. 2d 111 (Fla. 1st DCA 2005) (affirming the trial court's decision that plaintiff's verbal complaints to his supervisory officials did not satisfy the requirements of the FWA).

*b. Older "disclosures" were not causally related to Nunez' termination as a matter of law.*

In order to create an issue of fact with regard to whether a protected expression proximately resulted in an adverse employment action, the employment action must have occurred shortly after the disclosure. In the Eleventh Circuit, a "three to four month disparity between the statutorily

---

[5] This provision clearly protects persons who refuse to participate in retaliating against *other* employees who have "blown a whistle." The claim that the City retaliated against Nunez because Nunez refused to participate in the retaliation against Nunez is ridiculous.

protected expression and the adverse employment is not enough." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). *See also Rashad v. Fulton County*, 851 Fed. Appx. 924, 926-927 (11th Cir. 2021) (holding that "[o]n this issue, timing is everything," so a nearly four-month delay between the protected disclosure and the adverse employment action was "insufficient temporal proximity as a matter of law").

    c. *None of the Disclosures presented a substantial and specific danger to the public's health, safety or welfare.*

The FWA only protects a disclosure of a violation of law that "presents a substantial and specific danger to the public's health, safety or welfare." Fla. Stat. s. 112.3187(5)(a). Most of the purported "disclosures" do not pertain to violations of law at all. Those that do (such as a request to extend the time of validity of building permits) do not deal with public safety. If a building permit expires, the owner can simply obtain a new one. Extending the life of a permit does not affect the requirement of inspections or the issuance of a certificate of occupancy; matters that do pertain to public safety. Disclosures of purported violations of law that do not present "substantial and specific dangers to the public's health or safety" do not qualify as [protected disclosures. *See, e.g., Pickford v. Taylor County School District*, 298 So.3d 707, 711 (Fla. 1st DCA 2020) (disclosure of violation of teacher pay rate regulations are not protected FWA disclosures, so teacher who was fired on the same day after making such a disclosure could not prevail under the FWA); *Jacobs v. City of West Palm Beach*, 2015 WL 4742906, *2 (S.D. Fla. 2015) (disclosure of violation of the Family Medical Leave Act not a protected FWA disclosure).

    **IV.**    **Judgment as a Matter of Law is appropriate on the FWA claim because Nunez Elected a different Remedy.**

The "grievant complaint" is exactly what it purports to be on its face: initiation of a "grievance" process available to discharged city employees. That grievance process was pursued to conclusion, and was denied.

That election of a different remedy precluded Nunez from also pursuing his FWA action. "[T]he election of remedies in s. 447.401 also applies to whistle-blower actions." Section 112.3187(11), Florida Statutes. Section 447.401, Florida Statutes, in turn, provides that

> A career service employee shall *have the option* of *utilizing the civil service appeal procedure*, an unfair labor practice procedure, *or a grievance procedure established under this section*, but such employee *is precluded from availing himself* or herself to *more than one of these procedures.*

Section 447.401, Florida Statutes (emphasis supplied). Having already pursued a civil service remedy, Nunez is precluded from obtaining a FWA remedy. *See, e.g., Taylor v. Public Employees Relations Commission*, 878 So.2d 421 (Fla. 4th DCA 2004).

## Conclusion

The undisputed record evidence demonstrates that the City made the decision to terminate Plaintiff's employment due to his aggressive behavior with the City Manager, and not because he engaged in any protected activity. Summary judgment in favor of the City on both remaining counts is in order.

By: */s/ Daniel L. Abbott*
Daniel L. Abbott

Respectfully submitted,

WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
*Counsel for Defendant, City of Pompano Beach*
200 East Broward Blvd., Suite 1900
Fort Lauderdale, FL 33301
Telephone: (954) 763-4242
Facsimile: (954) 764-7770

CASE NO. 20-62626-CIV
Defendant's Motion for Judgment as a Matter of Law

By: */s/ Daniel L. Abbott*
**DANIEL L. ABBOTT**
Florida Bar No. 767115
Email: dabbott@wsh-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via electronic service to: Michael A. Pizzi, P.A., mpizzi@pizzilaw.com and David P. Reiner, II, Esq. (dpr@reinerslaw.com, eservice@reinerslaw.com) on May 3, 2022.

## SERVICE LIST

**MIGUEL NUNEZ v. CITY OF POMPANO BEACH**
**CASE NO. 20-cv-62626-WPD**

**David P. Reiner, II, Esq.**
Florida Bar No. 416400
Email: dpr@reinerslaw.com
eservice@reinerslaw.com
REINER & REINER, P.A.
9100 So. Dadeland Blvd., Ste. 901
Miami, FL 33156
Telephone: (305) 670-8282
*Counsel for Plaintiff*

**Michael A. Pizzi, Esq.**
Florida Bar No. 079545
Email: mpizzi@pizzilaw.com
MICHAEL A. PIZZI, P.A.
6625 Miami Lakes Dr. E., Ste. 316
Miami Lakes, FL 33014
Telephone: (305) 777-3800
*Counsel for Plaintiff*

**Daniel L. Abbott, Esq.**
Florida Bar No. 767115
Email: dabbott@wsh-law.com
WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
200 East Broward Boulevard, Suite 1900
Fort Lauderdale, FL 33301
Telephone: (954) 763-4242
*Counsel for Defendant*